COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
  
NO. 2-03-005-CR

  
LUCAS 
ALAN LOGUE                                                             APPELLANT
   
V.
 
THE 
STATE OF TEXAS                                                                  STATE
   
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lucas Alan Logue entered into a plea bargain agreement on October 27, 1999 in 
which he agreed to plead guilty to aggravated assault causing serious bodily 
injury. Appellant was sentenced to eight years’ confinement and placed on 
community supervision for ten years in accordance with the plea bargain 
agreement. The conditions of Appellant’s community supervision were amended at 
least three times before a petition to revoke was filed on September 26, 2002. 
The petition alleged that Appellant violated the terms of his community 
supervision by failing to report to his probation officer, failing to pay his 
supervision fees, failing to pay the shock incarceration fees, and failing to 
complete 240 hours of community service restitution. Appellant pled true to two 
of these allegations, and signed a written acknowledgment of his limited right 
to appeal.
        The 
trial court revoked Appellant’s community supervision and set punishment at 
eight years’ confinement in the Institutional Division of the Texas Department 
of Criminal Justice. Appellant filed a notice of appeal on December 5, 2002 and 
a motion for new trial on December 6, 2002 alleging that his pleas were not 
voluntary and knowingly entered.[2]
        Appellant’s 
sole point on appeal argues that he was denied effective assistance of counsel 
because his counsel failed to investigate or prepare for trial and proceeded to 
trial on the issue of penalty while unfamiliar with the applicable law and 
facts. According to Appellant, he had only the briefest communications with his 
counsel, which were manipulative and resulted in misinformation designed to 
compel Appellant’s plea of true. Appellant waived his right to have a court 
reporter make a record of the court proceedings.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. Our scrutiny of counsel's 
performance must be highly deferential, and every effort must be made to 
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 
689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
        An 
allegation of ineffectiveness must be firmly founded in the record, and the 
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 
9 S.W.3d at 813. Failure to make the required showing of either deficient 
performance or sufficient prejudice defeats the ineffectiveness claim. Id. 
In the present case, without a reporter’s record, Appellant cannot establish 
ineffective assistance of counsel. See id. at 813-14. We overrule 
Appellant’s sole point and affirm the judgment of the trial court.
  
                                                                  PER 
CURIAM

  
PANEL 
F: HOLMAN, GARDNER, AND WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Both parties on appeal state that Appellant was initially placed on deferred 
adjudication community supervision. In fact, the record reflects that Appellant 
was placed on “straight” or “regular” community supervision rather than 
deferred adjudication community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, 
§§ 3, 5 (Vernon Supp. 2004). Accordingly, this court has jurisdiction over 
Appellant’s appeal from the revocation of his community supervision. Id. 
art. 42.12, § 23(b).